DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANDREW A. INGALLS,**

               **Plaintiff,**

v.                                             **CIVIL ACTION**

                                                       **No. 09-2296-DJW**

**ROBERT TAYLOR, et al.,**

               **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Unopposed Motion to Stay Discovery (doc. 17). Plaintiff moves for an order staying discovery pending resolution of Defendants' Motion for Summary Judgment (doc. 14), which, *inter alia*, invokes the doctrine of qualified immunity with respect to Defendant Taylor. Plaintiff states in his motion that all parties "have agreed that the burden and expense of discovery should be stayed until this Court has ruled on the defense of qualified immunity."[1]

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2] The Tenth Circuit, however, has held that "'the right to proceed in court should not be denied except under the most extreme circumstances.'"[3] Consequently, as a general rule, courts in the District of Kansas do not favor staying discovery and other pretrial

---

[1] Pl.'s Unopposed Mot. to Stay Discovery (doc. 17) at 1.

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted).

proceedings even though dispositive motions are pending.[4] An exception to this policy is made when a party has filed a dispositive motion asserting absolute or qualified immunity.[5]

It is well settled that a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[6] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[7] Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[8]

Mr. Taylor asserts qualified immunity as a basis for judgment in Defendants' Motion for Summary Judgment. The Court therefore holds he is entitled to a stay pending a ruling on that motion. To prevent the case from going forward in a piecemeal fashion against the remaining Defendant, the Board of County Commissioners of Butler County, Kansas, and in the interest of judicial economy, the Court finds that a stay as to the Board is also warranted.

---

[4]*McCoy,* 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5]*McCoy,* 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[6]*See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

[7]*Siegert*, 500 U.S. at 232.

[8]*Id*. (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

In light of the foregoing, Plaintiff's Motion to Stay is granted. All discovery and all pretrial and Rule 26 proceedings are hereby stayed until the Court has ruled on the pending Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Stay (doc. 17) is granted, and all discovery and all pretrial and Rule 26 proceedings in this case are hereby stayed until the Court has ruled on the pending Motion for Summary Judgment (doc. 14).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 15th day of December 2009.

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties