# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANDREW A. INGALLS,                    )
                                      )
        Plaintiff,             )
                                      )
    v.                              )          Case No. 09-2296-JWL
                                      )
ROBERT TAYLOR and                     )
BOARD OF COUNTY COMMISSIONERS         )
OF BUTLER COUNTY, KANSAS,             )
                                      )
        Defendants.            )
                                      )
_____)

## MEMORANDUM AND ORDER

    Plaintiff Andrew Ingalls brings a claim against defendant Robert Taylor pursuant

to 42 U.S.C. § 1983, by which he alleges that Mr. Taylor violated his rights under the

Eighth Amendment to the United States Constitution by failing to intervene sufficiently

when a fellow inmate attacked plaintiff in the jail where Mr. Taylor worked as an

officer. Plaintiff also asserts a claim against defendant Board of County Commissioners

of Butler County, Kansas ("Butler County") for negligence in failing to fund or staff its

sheriff's department adequately, pursuant to the Kansas Tort Claims Act. This matter

is presently before the Court on defendants' motion for summary judgment (Doc. # 14).

As more fully set forth below, the motion is **granted in part**. The Court concludes that

Mr. Taylor is entitled to summary judgment on the basis of qualified immunity. Pursuant

to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over

plaintiff's state-law claim against Butler County, which is hereby dismissed.

I. **Facts**

In support of their motion for summary judgment, defendants have submitted an affidavit by Mr. Taylor. Plaintiff has not submitted any evidence in opposition.[1] Accordingly, the following facts contained in Mr. Taylor's affidavit are uncontroverted.

On the relevant date, Mr. Taylor was employed as a supervisory officer with the rank of sergeant at the Butler County Jail in El Dorado, Kansas. Plaintiff was an inmate housed in a pod of the jail that contained approximately 40 inmates, including inmate Gaylord Cade. Prior to that date, plaintiff had not sought any protection or indicated that he feared an attack from Mr. Cade, and Officer Taylor was not aware of any problem between the two inmates.

At approximately 5:30 p.m. on June 10, 2007, the inmates were completing a meal in the common area of the pod. Officer Taylor was in charge of the pod, and he was armed only with pepper spray. After completion of the meal but before the inmates had returned to their cells, Officer Taylor saw Mr. Cade striking plaintiff under a stairway. Consistent with his training, upon observing this incident Officer Taylor immediately called on his radio for backup assistance from other officers and ordered the other inmates to return to their cells. Most inmates remained in the common area of the

---

[1]Plaintiff is represented by counsel, and his original and amended complaints were not verified.

pod, however. Officer Taylor then approached Mr. Cade and ordered him to back away from plaintiff. Mr. Cade withdrew from plaintiff upon receiving this order. Mr. Cade jumped on a table, said something, then jumped off the table and turned it over. Officer Taylor again instructed the other inmates to return to their cells, but again most did not comply with that order.

Mr. Cade then returned to the stairway and began to strike plaintiff again. At this time, less than one minute after Officer Taylor called for backup, two other officers arrived in the pod. Officer Taylor again ordered Mr. Cade to get away from plaintiff, and Mr. Cade ran to the other side of the pod. Mr. Cade was subsequently apprehended by the officers. Later, upon questioning by Officer Taylor, plaintiff stated that he did not remember anything that had happened. Mr. Cade was subsequently convicted of aggravated battery for his attack on plaintiff.

According to Officer Taylor, the incident developed quickly and without warning. He did not believe that it was appropriate to use his pepper spray during the incident for three reasons: first, Mr. Cade complied with his verbal instructions to withdraw from plaintiff; second, to use the spray on Mr. Cade, he would also have had to spray plaintiff, who was injured; and third, he did not have enough spray to control all of the inmates present, and attempting to do so would have placed his own safety at risk. Mr. Taylor believed at the time and subsequently that he handled the incident appropriately and

thereby avoided more serious problems.[2]

Plaintiff asserts two claims in this action arising out of the attack by Mr. Cade. First, plaintiff asserts a claim against Mr. Taylor under 42 U.S.C. § 1983 based on an alleged violation of the Eighth Amendment. Specifically, plaintiff alleges that Mr. Taylor was deliberately indifferent to a substantial risk of serious harm at the hands of another inmate, in violation of the Eighth Amendment, by failing to intervene "meaningfully" in the attack. Second, plaintiff asserts a claim against Butler County under the Kansas Tort Claims Act, by which plaintiff alleges that the County negligently failed to provide adequate funding and staffing for the County Sheriff's Department.[3] Defendants now seek summary judgment, and, in the event that the federal claim against Mr. Taylor is dismissed, defendants argue that the Court should decline supplemental jurisdiction over the remaining state-law claim against Butler County.

---

[2]Citing only to Mr. Taylor's affidavit, plaintiff attempts to controvert Mr. Taylor's assertion that his verbal commands were effective by noting that Mr. Cade resumed his attack. Plaintiff also cites to the affidavit in attempts to assert as additional facts that Mr. Cade withdrew not because of Officer Taylor's commands, but because the other inmates were yelling at Mr. Cade and attempting to distract him from plaintiff. The affidavit does not indicate that the other inmates did anything other than remain in the common area, however, and plaintiff's inferences are therefore not reasonable. Officer Taylor clearly states in his affidavit that Mr. Cade withdrew from plaintiff each time in response to the commands to withdraw, and the Court therefore takes those facts as uncontroverted.

[3]In his amended complaint, plaintiff appears to assert claims against both defendants under the Kansas Tort Claims Act and under Section 1983 for violations of the Fifth, Eighth, and Fourteenth Amendments to the Constitution. In his summary judgment opposition, however, plaintiff states that he is pursuing only the two claims (one against each defendant) set forth above, thereby abandoning any other claims.

4

## II.    Claim Against Defendant Taylor

Mr. Taylor seeks summary judgment on the claim against him on the basis of qualified immunity.  "Qualified immunity 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzales v. Duran*, 590 F.3d 855, 859 (10th Cir. 2009) (quoting *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009)).  "Under [Tenth Circuit] case law, a plaintiff seeking to avoid summary judgment on qualified immunity grounds must satisfy a 'heavy' two-part burden by showing: (1) the defendant violated a constitutional or statutory right, and (2) the right was clearly established at the time of the defendant's unlawful conduct." *Mecham v. Frazier*, 500 F.3d 1200, 1204 (10th Cir. 2007) (citing *Serna v. Colorado Dep't of Corrections*, 455 F.3d 1146, 1150 (10th Cir. 2006)).  When there is no dispute concerning the facts of the underlying events, as here, the Court decides all questions concerning qualified immunity, including whether a violation occurred, as questions of law. *See Gonzales*, 590 F.3d at 859-62 (question of reasonableness of officer's actions was not for jury); *Mecham*, 500 F.3d at 1203 (same).  The Court concludes in this case that plaintiff's claim against Mr. Taylor founders on both parts of this test—plaintiff has not shown that Mr. Taylor violated his rights under the Eighth Amendment or that plaintiff had a clearly-established constitutional right under the existing caselaw to receive more or different assistance from Mr. Taylor than he did.

A prisoner's conditions of confinement are subject to scrutiny under the Eighth

Amendment, and prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *See Farmer v. Brennan*, 511 U.S. 825, 832, 833 (1994) (citation omitted). A prison official violates the Eighth Amendment only when two requirements are met. *See id.* at 834. First, the deprivation "must be, objectively, 'sufficiently serious,'" which, for a claim based on a failure to prevent harm, means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *See id.* (citations omitted). Second, a prison official must have a "sufficiently culpable state of mind;" in prison-conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *See id.* (citations omitted).

With respect to the first, objective prong of the Eighth Amendment test, defendants do not dispute that the risk of an attack such as that upon plaintiff would constitute a risk of serious harm. Defendants argue, however, that there was no substantial risk of an attack here, as there is no evidence of any prior threats or other history between plaintiff and his attacker. In response to that argument, plaintiff limits his claim to Mr. Taylor's response to the second, renewed attack by Mr. Cade, and he argues that the first attack and Mr. Cade's continued violent behavior (overturning the table) created a substantial risk of a subsequent attack. In reply, defendants argue that the conditions of incarceration referenced in the first prong of the Eighth Amendment test must be examined in a "macro" sense, before the entire incident, and not on a moment-by-moment basis.

The Court rejects such a narrow approach, for which defendants have failed to

provide any authority. Certainly, conditions may develop in a prison setting that create a new risk of harm to an inmate, and that inmate need not wait for some undefined period of time before he is entitled to protection from harm under the Eighth Amendment. In the present case, plaintiff may have faced a substantial risk of serious harm from a second attack even though that risk arose only in the moments immediately preceding that attack. *See MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995) (defendant prison officers who observed a fight between inmates through a window knew that plaintiff faced a risk of harm for purposes of Eighth Amendment analysis).

The Court thus proceeds to the second, subjective prong of the Eighth Amendment test, which requires a showing of deliberate indifference. That standard requires more than mere negligence, but it may be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *See Farmer*, 511 U.S. at 835. The Supreme Court has explained the appropriate standard as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. A prison official's knowledge of a substantial risk may be demonstrated by resort to the usual forms of evidence, including evidence of the obviousness of the risk. *See id.* at 842 (citations omitted). Even where prison officials actually knew of a

substantial risk to inmate safety and the harm ultimately was not averted, the officials "may be found free from liability if they responded reasonably to the risk." *See id.* at 844 (citations omitted). Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *See id.* at 847. Under this standard, "[a]n official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act." *See Howard v. Waide*, 534 F.3d 1227, 1239-40 (10th Cir. 2008) (quoting *Rodriguez v. Secretary for Dep't of Corrections*, 508 F.3d 611, 620 (11th Cir. 2007)). In determining whether prison officials acted reasonably, a court should consider "what actions they took, if any, as well as available alternatives that might have been known to them." *See id.* (citations omitted).

Assuming that Mr. Taylor did know that plaintiff faced a substantial risk of serious harm from a renewed attack by Mr. Cade, the Court concludes that Mr. Taylor acted reasonably in response to that risk. Mr. Taylor did not disregard the risk; rather, consistent with his training, he responded to the first attack by calling for additional assistance, ordering the other inmates to return to their cells, and ordering Mr. Cade away from plaintiff. Mr. Cade did in fact withdraw from plaintiff. When Mr. Cade renewed his attack, Mr. Taylor again ordered him to cease, and Mr. Cade again complied, and when additional officers arrived, Mr. Cade was apprehended. The

incident up to the time of Mr. Cade's second withdrawal from plaintiff comprised less than one minute, while most of 40 other inmates remained in the area and thus presented an additional source of danger to the officer. Mr. Taylor's specific decision not to employ his pepper spray was reasonable in light of the concerns expressed in his affidavit. Plaintiff has not explained what specific alternative actions Mr. Taylor should have taken or why the actions he did take were unreasonable (other than arguing that Mr. Taylor did not act at all). Accordingly, Mr. Taylor did not act with deliberate indifference to a substantial risk of serious harm to plaintiff. *See MacKay*, 48 F.3d at 493 (under undisputed facts of that case, officers acted reasonably to abate risk of harm from an inmate attack, even though they failed to intervene physically and instead called for additional officers and attempted to break up the fight with verbal commands (which commands proved successful)).

For these reasons, plaintiff has failed to establish a violation of the Eighth Amendment by Mr. Taylor. Nor has plaintiff made the other required showing to defeat qualified immunity—that Mr. Taylor, by his actions, violated a clearly established right under the Eighth Amendment. Plaintiff has not provided any authority—under Supreme Court, Tenth Circuit, or other precedent—establishing that Mr. Taylor was required to take more or different actions, such as using his pepper spray or intervening physically, in this case to avoid violating the Eighth Amendment. To the contrary, the Tenth Circuit has held that calling for backup and issuing verbal commands may suffice in certain

circumstances.  *See id.*[4]

Accordingly, the Court concludes that Mr. Taylor is entitled to qualified immunity, and the Court thus awards Mr. Taylor summary judgment on plaintiff's claim against him.

### III.  Claim Against Defendant Butler County

In light of the above ruling, the Court agrees with defendants that it should decline to exercise supplemental jurisdiction over the remaining state-law claim against Butler County.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction).  Accordingly, plaintiff's claim against defendant Butler County under Kansas law is hereby dismissed.[5]

---

[4]Plaintiff's reliance on the Seventh Circuit's opinion in *Peate v. McCann*, 294 F.3d 879 (7th Cir. 2002), is misplaced.  In that case, the court reversed summary judgment for the defendant based on the plaintiff's evidence that the defendant officer had returned the weapon (a bag of rocks) to the plaintiff's assailant before a second attack.  *See id.* at 883-84.  The court did not purport to create a rule requiring any particular response to a risk of harm to an inmate by another inmate.  Nor is the case relevant simply because it involved a second attack by an assailant.  The fact that a court concluded that an officer might have acted unreasonably if he returned a weapon to an assailant in a particular case does not provide any clearly established law requiring a particular response by Mr. Taylor in the entirely different circumstances presented in this case.

[5]In light of this decision, the Court does not address the parties' arguments concerning the merits of this claim.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for summary judgment (Doc. # 14) is **granted in part**.  Defendant Robert Taylor is awarded summary judgment on plaintiff's claim against him.  The Court declines to exercise supplemental jurisdiction over plaintiff's claim against defendant Butler County, and that claim is therefore dismissed.

IT IS SO ORDERED.

Dated this 19th day of February, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge